IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KELVIN HATCHER, surviving spouse o/b/o TIFFANY HATCHER, deceased, <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, *Acting Commissioner of Social Security*, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 3:20-cv-1027-SMD |

## **OPINION & ORDER**

In October 2018, Tiffany Hatcher ("Ms. Hatcher") filed for a period of disability and disability insurance benefits ("DIB"), along with an application for Supplemental Security Income ("SSI"), wherein she alleged disability beginning July 15, 2018. Ms. Hatcher's applications were denied at the initial administrative level. She then requested and received a hearing before an Administrative Law Judge ("ALJ"), who issued an opinion on December 18, 2019, finding that Ms. Hatcher was not disabled. The ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") after the Social Security Appeals Council ("Appeals Council") denied review. *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Ms. Hatcher died on April 17, 2021, and her surviving spouse, Mr. Kelvin Hatcher ("Mr. Hatcher"), was substituted as the party of interest in this matter. Mr. Hatcher now appeals the Commissioner's decision under 42 U.S.C. § 405(g). For the reasons that follow, the

Commissioner's decision is REVERSED and REMANDED for further proceedings.[1]

## I.     STATUTORY FRAMEWORK

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). In making a benefits determination, an ALJ employs a five-step process:

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a); 20 C.F.R § 416.920(a)(4). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[2] A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

To perform the fourth and fifth steps, the ALJ must first determine the claimant's Residual Functional Capacity ("RFC"). *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th

---

[1] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned Chief United States Magistrate Judge conducting all proceedings and entering final judgment in this appeal. Pl.'s Consent (Doc. 21); Def.'s Consent (Doc. 20).

[2] *McDaniel* is a SSI case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

Cir. 2004). A claimant's RFC is what the claimant can still do—despite her impairments—based on the relevant evidence within the record. *Id.* The RFC may contain both exertional and non-exertional limitations. *Id.* at 1242-43. Considering the claimant's RFC, the ALJ determines, at step four, whether the claimant can return to past relevant work. *Id.* at 1238. If a claimant cannot return to past work, the ALJ considers, at step five, the claimant's RFC, age, education, and work experience to determine if there are a significant number of jobs available in the national economy the claimant can perform. *Id.* at 1239. To determine if a claimant can adjust to other work, the ALJ may rely on (1) the Medical Vocational Guidelines ("Grids")[3] or (2) the testimony of a vocational expert ("VE").[4] *Id.* at 1239-40.

## II.   STANDARD OF REVIEW

A federal court's review of the Commissioner's decision is limited. A court will affirm the Commissioner's decision if the factual findings are supported by substantial evidence and the correct legal standards were applied. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court may reverse the Commissioner's final decision when it is not supported by substantial

---

[3] Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. *See* 20 C.F.R. pt. 404 subpt. P, app. 2. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

[4] A vocational expert is an "expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips*, 357 F.3d at 1240.

evidence or the proper legal standards were not applied in the administrative proceedings. *Carnes v. Sullivan*, 936 F. 2d 1215, 1218 (11th Cir. 1991). Further, reviewing courts are required to give deference to factual findings, with close scrutiny to questions of law. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145 (11th Cir. 1991).

"Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Despite the limited nature of review, a court must scrutinize the record in its entirety and take account of evidence that detracts from the evidence relied on by the ALJ. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986). However, a court may not decide the facts anew or substitute its judgment for that of the Commissioner. *Cornelius*, 936 F. 2d at 1145.

**III.    ADMINISTRATIVE PROCEEDINGS**

Ms. Hatcher was thirty-four years old on her alleged onset date. Tr. 26. She had past relevant work experience as a pizza deliverer and fast-food worker. Tr. 177. In the administrative proceedings before the Commissioner, the ALJ made the following findings with respect to the five-step evaluation process for Ms. Hatcher's disability determination. At step one, the ALJ found Ms. Hatcher had not engaged in substantial gainful activity since her alleged onset date. Tr. 167. At step two, the ALJ found that Ms. Hatcher suffered from the following severe impairments: obesity, ischemic heart disease, diabetes mellitus, and depression. Tr. 168. At step three, the ALJ found that Ms. Hatcher did not have an

impairment or combination of impairments that met or medically equaled the severity of the listed impairments. Tr. 169.

The ALJ proceeded to determine Ms. Hatcher's RFC as follows:

> [Ms. Hatcher] has the residual functional capacity to perform light work … except she can never climb ladders, ropes, or scaffolds. She can occasionally be exposed to weather, humidity, extreme cold, and extreme heat. She can never be exposed to workplace hazards such as moving mechanical parts and high, exposed places. She can perform unskilled work, which is defined for these purposes as work that needs little or no judgment to do simple duties that can be learned on the job in a short period of time of 30 days or less. She can tolerate occasional interaction with the public and with coworkers.

Tr. 171. At step four, the ALJ found that Ms. Hatcher was unable to perform any past relevant work. Tr. 176-77. At step five, the ALJ utilized the testimony of a VE and determined that considering Ms. Hatcher's age, education, work experience, and residual functional capacity, there were jobs existing in significant numbers in the national economy that she could perform. Tr. 177. These jobs included "marker," "router," and "garment router." Tr. 178. Accordingly, the ALJ concluded that Ms. Hatcher had not been under a disability from her alleged onset date through the date of his decision. Tr. 178.

## IV. MR. HATCHER'S ARGUMENTS

Mr. Hatcher argues that the Commissioner's decision should be reversed for two reasons. First, Mr. Hatcher contends that the Appeals Council erred by failing to consider Ms. Hatcher's new and material evidence submitted after the ALJ's decision denying benefits. Pl.'s Br. (Doc. 29) pp. 2-8. Second, Mr. Hatcher argues that Ms. Hatcher's RFC is not supported by substantial evidence because the ALJ failed to properly evaluate and account for the medical opinion of the State Agency consulting psychiatrist. *Id.* at 9-16.

Because the undersigned cannot determine whether the Appeals Council properly considered Ms. Hatcher's new evidence, the case is due to be remanded for further proceedings. As remand is warranted on the first issue, the undersigned declines to address the second.

## V.   ANALYSIS

On December 18, 2019, the ALJ determined that Ms. Hatcher was not disabled. Tr. 179. On August 11, 2020, Ms. Hatcher submitted 149 pages of additional evidence to the Appeals Council. Tr. 8-156. This evidence revealed, *inter alia*, that Ms. Hatcher had been diagnosed with unresectable stage III lung cancer—identified as T4N1M0 disease[5]—on April 10, 2020. Tr. 8-156. The evidence submitted by Ms. Hatcher included:

- 15 pages of medical records from St. Vincent's Birmingham ("St. Vincent's") dated April 10-14, 2022. Tr. 143-156;

- 57 pages of medical records from St. Vincent's dated May 22, 2020, through June 6, 2020. Tr. 9-64; and

- 77 pages of medical records from DCH Regional Medical Center ("DCH") dated April 29, 2020, and dated May 5-7, 2020. Tr. 65-142.

The Appeals Council did not consider this evidence, reasoning as follows:

---

[5] T4N1M0 disease means that the tumor has one or more of the following features: (1) it is larger than 7cm across; (2) it has grown into the space between the lungs, the heart, the large blood vessels near the heart, the windpipe, the esophagus, the diaphragm, the backbone, or the carina; (3) there are 2 or more separate tumor nodules in different lobes of the same lung. *See American Cancer Society, Non-Small Cell Lung Cancer Stages*, https://www.cancer.org/cancer/lung-cancer/detection-diagnosis-staging/staging-nsclc.html (last visited September 30, 2022).

> You submitted medical records from St. Vincents Birmingham dated April 10, 2020 to April 14, 2020 (15 pages) and May 22, 2020 to June 6, 2020 (57 pages). The Administrative Law Judge decided your case through December 18, 2019. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 18, 2019.

Tr. 2.

Mr. Hatcher argues, in part, that the Appeals Council erred by neglecting to consider the 77 pages of records from DCH when determining that Ms. Hatcher's additional evidence would not change her disability determination. Pl.'s Reply (Doc. 35) pp. 6-7. He contends this error is not harmless because had the DCH evidence been considered, Ms. Hatcher would have met the listing for lung cancer and would have been found disabled.[6] Pl.'s Br. (Doc. 30) pp. 2-8; Pl.'s Reply (Doc. 35) pp. 4-12.

With a few exceptions, a claimant is allowed to present additional evidence related to her disability at each stage of the Social Security administrative process. *See* 20 C.F.R. § 404.900(b). If a claimant presents additional evidence to the Appeals Council after an ALJ has rendered an unfavorable decision regarding disability, the Appeals Council must consider the additional evidence if it "is new, material, and relates to the period on or before the date of the hearing decision." 20 C.F.R. § 404.970(a)(5); *Hunter v. Soc. Sec. Admin, Comm'r*, 705 F. App'x 936, 939 (11th Cir. 2017). Evidence is new when it is noncumulative of the evidence before the ALJ. *Beavers v. Soc. Sec. Admin., Comm'r*, 601 F. App'x 818, 821 (11th Cir. 2015). Evidence is material if there is a reasonable probability

---

[6] In response, the Commissioner does not dispute that Ms. Hatcher would have met the listing for lung cancer. Comm'r Resp. (Doc. 30).

that it would change the administrative results. *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). And evidence is chronologically relevant when "it relates to the period on or before the date of the [ALJ's] hearing decision." *McCullars v. Comm'r Soc. Sec. Admin.*, 825 F. App'x 685, 692 (11th Cir. 2020) (per curiam) (quoting 20 C.F.R. § 416.1470).

"[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Washington v. Soc. Sec. Admin, Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015). The Appeals Council's decision is subject to judicial review under sentence four of section 405(g)). *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1265 (11th Cir. 2007). Pursuant to a sentence four remand, a reviewing court must determine if the new, material, and chronologically relevant evidence submitted "renders the denial of benefits erroneous." *Id.* at 1262. For a court to find the denial of benefits erroneous, the plaintiff must show that "in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence[.]" *Timmons v. Comm'r of Soc. Sec.*, 552 F. App'x 897, 902 (11th Cir. 2013) (citing *Ingram*, 496 F.3d at 1266-67). On the other hand, if the "additional evidence [is] either cumulative of the evidence before the ALJ or [is] not chronologically relevant, and none of it undermine[s] the substantial evidence supporting the ALJ's decision," the Commissioner's decision is due to be affirmed. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 785 (11th Cir. 2014).

In the Social Security review process, then, the Appeals Council must first determine whether a claimant's additional evidence is new, material, and relates to the

period at issue. If the Appeals Council denies review and the ALJ's decision becomes the final decision of the Commissioner, a court reviews that decision. But here, it is unclear whether the Appeals Council considered all of Ms. Hatcher's evidence. Indeed, the Appeals Council explicitly noted that it considered 72 pages of additional medical evidence from St. Vincent's. But it did not reference the 77 pages of additional medical evidence submitted by Ms. Hatcher from DCH. Because the Appeals Council failed to provide any explanation as to why the DCH evidence was not considered (or if it was considered, why it did not affect Ms. Hatcher's disability decision), this Court cannot meaningfully review whether the Appeals Council's decision to deny review of the ALJ's decision is supported by substantial evidence. Because it is not the job of this Court to impose its own conclusion about whether the DCH evidence is new, material, and relates to the period at issue *without first allowing the Appeals Council to make such a determination*, this case must be remanded for further proceedings.

## VI. CONCLUSION

As explained above, the undersigned finds reversible error in the Commissioner's decision. Therefore, the decision is REVERSED and REMANDED for further proceedings. A separate judgment will issue.

DONE this 10th day of November, 2022.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE